DARRIN D. GONZALES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gonzales v. Commissioner
Docket No. 16900-91
United States Tax Court
T.C. Memo 1993-416; 1993 Tax Ct. Memo LEXIS 427; 66 T.C.M. (CCH) 684; September 13, 1993, Filed *427 Respondent's motion for summary judgment will be granted and decision will be entered for respondent. For respondent: Roxann C. Conrad. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was assigned pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180, 181, and 182. It is before us on respondent's Motion for Summary Judgment. Respondent determined a deficiency in petitioner's 1988 Federal income tax in the amount of $ 2,344, together with additions to tax under section 6651(a) in the amount of $ 432.50, under section 6653(a)(1) in the amount of $ 117.20, and under section 6654(a) in the amount of $ 106.00. Petitioner filed a timely petition with this Court at which time he stated that he was incarcerated in the Colorado Department of Corrections, Denver, Colorado. In her motion for summary judgment supported by affidavit, *428 respondent alleges that petitioner failed to file a Federal income tax return for 1988, that he received wages from the Denver Board of Water Commissioners in 1988 in the amount of $ 20,580, that he had Federal income tax withheld for the year 1988 in the amount of $ 614, and that he did not make any estimated tax payments for the year 1988. Respondent further alleges that petitioner commenced serving a 19-year prison sentence on October 28, 1988, and is presently incarcerated. Summary judgment is a device intended to serve judicial economy through the avoidance of "unnecessary and expensive trials of phantom factual questions." . Rule 121 allows a party to move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(b) provides that a decision shall be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. ; . *429 The moving party bears the burden of proving that there is no genuine issue of material fact. . Factual inferences are read in a light most favorable to the party opposing summary judgment. ; Petitioner, still incarcerated, did not appear at the hearing on respondent's motion, nor did he file a Rule 50(c) statement or objections to respondent's motion. His petition states as follows: I have been incarcerated since October 28, 1988 in the Department of Corrections in Colorado. As I have little knowledge of the exact amount of taxes I owed before becoming incarcerated, I merely resist and refuse to pay only the penalties and interest accumulation [sic] assessed to me during my incarceration, obviousely [sic], because I am unable and have been unable since October of 1988 to be financially responsible for myself or for my tax obligations.
We note that petitioner does not contest the amount of the deficiency for 1988. He presents only his argument *430 that he was incarcerated when the return was due and that accordingly, he should not be liable for the additions to tax or interest accruing during the period of his incarceration. Respondent asserted an addition to tax for the failure of petitioner to file a return for 1988. Petitioner's only defense in this regard is that he was in jail. We have consistently held that the mere fact of incarceration, standing alone, does not serve to excuse a failure to file a Federal income tax return. , affd. in part, revd. in part on other grounds ; , affd. and revd. on other grounds ; . Respondent also asserted an addition to tax for negligence under section 6653(a)(1),. We have held that the late filing of a return constitutes negligence within the meaning of that section, since it automatically results in an underpayment of the correct tax and is contrary to *431 what a reasonable and ordinarily prudent person would do under the circumstances. See , affd. . Here, petitioner failed to file his return and has provided no satisfactory explanation for such failure. Accordingly, it is clear that there is no question of fact about petitioner's negligence, and he is liable for the additions to tax for negligence determined by respondent. Petitioner does not allege that he made any estimated tax payments regarding his 1988 taxes. Thus, there is no factual or legal issue regarding his liability for the addition to tax under section 6654(a). Lastly, petitioner asks this Court to excuse him from the payment of interest during the period of his incarceration, which might last as long as 19 years. It is clear that this Court does not have jurisdiction over the interest issue in this context. See, e.g., ; ; ; *432 ; , affd. ; , affd. per curiam ; ; . If petitioner is, in effect, requesting that this Court abate interest under the provisions of section 6404(e), we have previously held that we have no jurisdiction to address petitioner's claim. , affd. without published opinion ; 508 . There are no genuine issues of fact and law in this matter; accordingly, it is appropriate to grant respondent's motion for summary judgment. Respondent's motion for summary judgment will be *433 granted and decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩